[Civ. No. 30524. First Dist., Div. Four. June 27, 1972.]

JOHN D. MOONEY, Plaintiff and Appellant, v.
GEORGE PICKETT, as Director, etc., et al., Defendants and Respondents.

## COUNSEL

Jay-Allen Eisen and Peter H. Reid for Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and James A. Aiello, Deputy District Attorney, for Defendants and Respondents.

## OPINION

**BRAY, J.**\*—Plaintiff and appellant, on behalf of himself and others, appeals from order of the San Mateo County Superior Court denying petition for writ of mandate.

### Question Presented

Is appellant entitled to General Assistance welfare payments as of the date of his original application?

### Record

Appellant, on behalf of himself and all others similarly situated, petitioned for a writ of mandate to compel respondents to grant him and the class of persons similarly situated General Assistance (welfare payments). On or about July 17, 1970, appellant's application for relief had been denied solely because he was employable and therefore ineligible under San Mateo County Ordinance Code, chapter XIV, sections 2337 and 2339.

Respondents answered the petition, admitting that appellant and his class had been denied General Assistance because of the ordinance forbidding relief to employable applicants.

On September 22, 1970, the superior court rendered its decision denying the peremptory writ of mandate, and discharging the alternative writ previously issued. An order was entered pursuant thereto, from which appellant appeals.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

During the pendency of this appeal, appellant successfully prosecuted a new mandate proceeding against respondents in the Supreme Court. (*Mooney* v. *Pickett* (1971) 4 Cal.3d 669 [94 Cal.Rptr. 279, 483 P.2d 1231].) On April 28, 1971 that court, by unanimous decision, held that "county General Assistance cannot be denied on grounds of employability." (*Id.* at p. 671.) Because of the questions of fact raised in that proceeding, the Supreme Court was unable to grant appellant the requested relief. (*Id.* at p. 683.) Instead, the court determined the illegality of the employable single man rule and left the issue of appellant's eligibility for determination by normal administrative processes, or, in the alternative, by a final judgment on his appeal. (*Id.* at pp. 683-684.)

Respondents did, on May 27, 1971, begin processing applicants for General Assistance in conformity with the decision of the Supreme Court. Appellant, on June 11, 1971, applied for and was found eligible for General Assistance benefits.[1]

*Payments commence as of date of application.*

Involved in this proceeding is a San Mateo County regulation, GA-08 (the so-called "employable single man rule"), which denies nonemergency General Assistance to *employable* single persons. About July 14, 1970, appellant made written application to respondents for aid and assistance under the public social services program commonly known as "General Assistance" or "County Relief." On being denied such aid, he brought this proceeding on his own behalf and on behalf of all other aid applicants similarly situated. At the hearing it was stipulated that respondents routinely deny General Assistance to *employable* applicants and that applicant was denied relief solely upon the ground that he is employable, as he was otherwise eligible for assistance.

The superior court, not having the benefit of the subsequent ruling in *Mooney* v. *Pickett, supra,* 4 Cal.3d 669, upheld the restrictive provision of the San Mateo County regulation and entered order denying the petition for writ of mandate. In view of said Supreme Court decision the superior court's ruling and order is erroneous and will have to be reversed.

 However, there is one further issue to be decided by this court: Is appellant entitled to assistance from the date of his original application to San Mateo for assistance, namely July 14, 1970, or only from June 11, 1971, the date upon which he was granted assistance?

---

[1]Respondents moved to dismiss this appeal on grounds of mootness, since appellant had applied for and was granted relief as of June 11, 1971. Motion to dismiss was denied on January 13, 1972.

In *Bd. of Soc. Welfare* v. *County of L. A.* (1945) 27 Cal.2d 81 [162 P.2d 630], the court considered a situation somewhat similar to the one at bench. One Holmes applied for aid as a needy aged person. His application was granted allowing $40 per month, to commence, however, some six months after the date of application. For a period of approximately 20 months the payments continued. He then appealed to the State Board of Social Welfare, pursuant to then section 2182 of the Welfare and Institutions Code (since repealed) for additional retroactive aid, which was denied on the ground that retroactive aid constituted a gift of public money to an individual, in violation of the state constitutional provision.

In response to such contention, the Supreme Court held that the provisions for appeal in section 2182, and for payments, if awarded, to commence from the date the applicant was first entitled thereto, "subserve a clear public purpose by securing to those entitled to aid the full payment thereof 'from the date . . . [they were] first entitled thereto' regardless of errors or delays by local authorities." (*Id.* at p. 85.) Since it was the mandatory duty of the county to furnish aid according to the plan set forth in the Welfare and Institutions Code, the court held that "[t]he obligation to pay became a debt due from the county to the applicant as of the date the latter was first entitled to receive the aid." (*Id.* at pp. 85-86.)

Although, as stated in the cited case, there was then a provision in section 2182 providing that, if awarded, the payments for aid were to commence from the date when the applicant first became entitled thereto, the reasoning behind and public policy subserved by granting aid retroactively are applicable to the instant case.

In *Mooney* v. *Pickett, supra,* the Supreme Court stressed that section 17000 of the Welfare and Institutions Code, pursuant to which appellant sought General Assistance, "imposes a mandatory duty upon the counties to support 'all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident.'" (*Id.* at p. 676.) Consequently, the obligation to provide appellant with General Assistance became a debt due from the county as of the date he was first entitled thereto. By requiring such retroactive payments to be made by the county, the public policy of securing to those entitled to aid the full payment thereof, from the date they were first entitled thereto, regardless of errors and delays by local authorities, is promoted.

In *Alvarado* v. *Schmidt* (W.D.Wis. 1970) 317 F.Supp. 1027, plaintiffs sought retroactive payments of AFDC grants wrongfully withheld from them. The court stated that "[i]n several recent cases where state welfare laws or regulations were challenged by recipients, courts have granted awards

of retroactive payments to members of the plaintiff class. See Alvarez v. Hackney, Civil Nos. 68-18-SA and SA 69 CA 128 (W.D.Tex. Sept. 30, 1969); Gaddis v. Wyman, 304 F.Supp. 717 (S.D.N.Y. 1969), aff'd sub nom., Wyman v. Bowens, 397 U.S. 49, 90 S.Ct. 813, 25 L.Ed.2d 38 (1970); Brooks v. Yeatman, 311 F.Supp. 364 (M.D.Tex. 1970). To deny AFDC recipients payments to which they were legally entitled and which the state wrongfully withheld would be to allow a state to operate an AFDC plan that violated federal statutory requirements with financial impunity." (*Id.* at p. 1042.)

■ Just as the state may not operate an AFDC plan violative of federal statutory requirements, a county may not adopt welfare regulations inconsistent with state statute. "In administering General Assistance relief the county acts as an agent of the state. [Citation.]" (*Mooney* v. *Pickett, supra,* at p. 679.) ■ "When a statute confers upon a state agency the authority to adopt regulations to implement, interpret, make specific or otherwise carry out its provisions, the regulations adopted pursuant thereto must be consistent and not in conflict with the statute and reasonably necessary to effectuate its purpose." (*Macomber* v. *State Social Welfare Bd.* (1959) 175 Cal.App.2d 614, 616 [346 P.2d 808].) To deny appellant General Assistance to which he was legally entitled, the municipal ordinance being violative of legislative acts and thus void (*Daley* v. *State Dept. of Social Welfare* (1969) 276 Cal.App.2d 801, 805 [81 Cal.Rptr. 318]), would allow the county to operate a plan of General Assistance inconsistent with the dictates of state statutory requirements. The Supreme Court having declared the "employable single man rule" illegal, appellant is entitled to retroactive payments as of the date of his original application if, at that time, he was legally entitled thereto.

■ Respondents contend that whether appellant was entitled to General Assistance, as of the date of his original application, involves questions of fact which have not yet been determined. Such contention is without merit in light of the factual stipulations entered into by the parties in the lower court. Respondents stipulated to the fact, as alleged in appellant's petition, that appellant would be eligible for General Assistance but for the fact he is employable.

In *Mooney* v. *Pickett, supra,* the respondent contended that appellant, apart from the issue of unemployability, was ineligible for General Assistance. The court held that, while such assertions directly contradicted the stipulations entered into by the parties in the superior court, since the matter before it was not on appeal from the superior court judgment but rather was an original proceeding in mandamus, the stipulations were not technically binding. (4 Cal.3d at p. 682.) The court made the observa-

tions that (1) respondent had the opportunity for a factual hearing in the superior court, but freely chose not to present testimony of witnesses, and instead entered into the aforementioned stipulations; (2) that respondent did not oppose issuance of the alternative writ and it was not until after said writ issued that they repudiated the stipulations; and (3) if the appeal from the superior court proceeding reached the Supreme Court, respondent would not be able to escape the binding effect of the stipulations. (*Id.* at p. 683.)

In the instant case, we find that respondents are bound by the stipulations entered into before the lower court. ■ "A stipulation is conclusive with respect to the matters covered by it, unless the court, for good cause shown, later permits its abandonment or withdrawal." (*Harris* v. *Spinali Auto Sales, Inc.* (1966) 240 Cal.App.2d 447, 452 [49 Cal.Rptr. 610].) The truth of the facts contained therein cannot be contradicted, and while such stipulation is not itself evidence, it is the equivalent of, and may be relied on as, proof. (*Id.* at pp. 452-453.) ■ No relief from the stipulation has been requested or granted. Hence the stipulated facts are binding on this appeal. (See *Cocking* v. *State Farm Mut. Automobile Ins. Co.* (1970) 6 Cal.App.3d 965, 971 [86 Cal.Rptr. 193].)

■ Appellant was legally entitled to assistance as of July 14, 1970.

Since the stipulation does not apply to other members of the class, factual determinations of their eligibility as of the date of their original applications will have to be made.

As to appellant, the order denying writ of mandate is reversed with directions to the lower court to enter order in appellant's favor entitling him to retroactive payments of General Assistance as of the date of his original application.

As to other members of the class, the order is reversed with directions to the lower court to issue an order to compel respondents to make a determination as to the eligibility of said members for General Assistance as of the date of their original applications and make payment thereof, if the applicants are eligible.

Devine, P. J., and Rattigan, J., concurred.

On July 14, 1972, the opinion was modified to read as printed above.