[Civ. No. 14406. Third Dist. Mar. 3, 1975.]

JUANA LUNA, Plaintiff and Respondent, v.
ROBERT C. CARLESON, as Director, etc., Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, N. Eugene Hill and James D. Claytor, Deputy Attorneys General, for Defendant and Appellant.

Guy Peto, Roger K. Warren, Loren Mitchell and Elliott Sevier for Plaintiff and Respondent.

Craig H. Scott and Richard M. Pearl as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**\*—On May 3, 1971, Sacramento County proposed to discontinue plaintiff Juana Luna's aid for dependent children effective May 31, 1971. Plaintiff requested a hearing before a referee of the State Department of Social Welfare. Such hearing took place and the referee's decision adverse to plaintiff was adopted by the Director of the Department of Social Welfare, defendant herein.

Support payments were discontinued and plaintiff sought judicial review of defendant's decision in the form of a petition for a writ of mandamus as permitted by Welfare and Institutions Code section 10962. An alternative writ was issued and in a hearing thereon, after some confusion in trial procedures not here pertinent, the court ruled in favor of the plaintiff and ordered payment of the aid for dependent children payments withheld from December 15, 1972, to February 28, 1973, with interest thereon at 7 percent for said period and attorney fees in the amount of $350. Plaintiff was at all times represented by the Sacramento

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

County Legal Aid Society which was fully funded from grants from the United States Office of Economic Opportunity and represented plaintiff without charge as it was required to do. The attorney fees awarded were made payable directly to plaintiff, the court being advised that it was plaintiff's intention to pay over to the Legal Aid Society any attorney fees received by her.

Defendant does not contest the order of the trial court insofar as it directs payment of the withheld support payments, but does urge that an award of interest was not authorized and that no legal fees should have been awarded.

■ We observe that the matter of when a governmental agency becomes liable for the payment of interest is in a somewhat confused state. But we have found no case overruling the general principle as enunciated in *Sanders* v. *City of Los Angeles* (1970) 3 Cal.3d 252, 262 [90 Cal.Rptr. 169, 475 P.2d 201], that: "This [case] is an exception to the general rule that interest cannot be recovered against a state or municipality."

Defendant sought relief under the provisions of Welfare and Institutions Code section 10962.[1] Said section specifies that in addition to the relief sought a successful applicant must be awarded attorney fees and costs.

We do not believe that the Legislature's failure to include interest under Welfare and Institutions Code section 10962 was an inadvertence. Nor have we been able to find any legislative authorization for the payment of interest in a case such as this. Furthermore, although many cases have been decided by our appellate courts involving welfare

---

[1]Welfare and Institutions Code section 10962 reads: "The applicant or recipient or the affected county, within one year after receiving notice of the director's final decision, may file a petition with the superior court, under the provisions of Section 1094.5 of the Code of Civil Procedure, praying for a review of the entire proceedings in the matter, upon questions of law involved in the case. Such review, if granted, shall be the exclusive remedy available to the applicant or recipient or county for review of the director's decision. The director shall be the sole respondent in such proceedings. Immediately upon being served the director shall serve a copy of the petition on the other party entitled to a judicial review and such party shall have the right to intervene in the proceedings.

"No filing fee shall be required for the filing of a petition pursuant to this section. Any such petition to the superior court shall be entitled to a preference in setting a date for hearing on the petition. No bond shall be required in the case of any petition for review, nor in any appeal therefrom. The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor."

payments, none of them have discussed the matter of interest. The fact that interest has not been discussed in any decisions of somewhat similar import to the present case is not the most convincing authority. However, it does appear to be of some persuasion, particularly when such cases have repeatedly ordered retroactive payments. We cite such cases as *County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730 [97 Cal.Rptr. 385, 488 P.2d 953]; *Leach* v. *Swoap* (1973) 35 Cal.App.3d 685 [110 Cal.Rptr. 62]; *Mooney* v. *Pickett* (1972) 26 Cal.App.3d 431 [102 Cal.Rptr. 708], as examples.

We also observe it is a judicially noticeable fact that the federal government funds a large and proportionate share of the welfare payments which are here involved. We have been unable to find any federal statute which would authorize reimbursement to the state for the payment of interest and none has been called to our attention.

In the absence of any showing of statutory authorization for the payment of interest, or any legal precedent therefor, we hold that the trial court erred in awarding interest.

■   We next discuss defendant's contention that no attorney fees should have been awarded by the trial court under the pertinent statute heretofore cited (Welf. & Inst. Code, § 10962), and that even if they were permitted, the amount awarded was excessive.

Two appellate decisions, namely, *Trout* v. *Carleson* (1974) 37 Cal.App.3d 337 [112 Cal.Rptr. 282], and *Horn* v. *Swoap* (1974) 41 Cal.App.3d 375 [116 Cal.Rptr. 113], have decided the issue as to whether attorney fees may be awarded and both have concluded that such fees may be awarded even though they are paid to legal agencies which are required to furnish legal services without charge. The California Supreme Court denied petitions for hearing in both *Trout* v. *Carleson, supra,* and *Horn* v. *Swoap, supra.* Under the doctrine set forth in *People* v. *Triggs* (1973) 8 Cal.3d 884 [106 Cal.Rptr. 408, 506 P.2d 232], we are required to follow the opinions expressed in those cases.

The contention that the attorney fees actually awarded were excessive is of no merit.

The judgment is reversed insofar as it awards interest, and is affirmed insofar as it awards attorney fees. Each party will bear its own appeal costs.

Friedman, Acting P. J., and Regan, J., concurred.

A petition for a rehearing was denied March 26, 1975.