[Civ. No. 13894. Fourth Dist., Div. Two. Aug. 8, 1975.]

SHIRLEY SILBERMAN, Plaintiff and Respondent, v.
DAVID SWOAP, as Director, etc., Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco and Ronald Gold, Deputy Attorneys General, for Defendant and Appellant.

William D. Schuetz and Robert Miller for Plaintiff and Respondent.

## OPINION

**TAMURA, J.**—Petitioner, a claimant for public assistance under the aid to the totally disabled program (ATD), filed a petition for writ of mandate in the superior court to compel the Director of the State Department of Social Welfare (Director) to issue his decision after an administrative "fair hearing" on petitioner's claim. The court issued an alternative writ and order to show cause, held a hearing thereon, and found in favor of petitioner. Judgment was entered granting a peremptory writ of mandate and awarding petitioner attorney's fees in the sum of $300. The Director appeals from that portion of the judgment awarding attorney's fees.

The Director contends there is no statutory authority for an award of attorney's fees in the instant case and that absent such authorization the award is invalid.

Welfare and Institutions Code section 10962[1] (quoted in the margin below) gives an applicant the right, after receiving notice of the Director's decision, to file a petition in the superior court under Code of Civil Procedure section 1094.5 for a judicial review of the decision. The section provides that if the applicant obtains a favorable decision, he shall be entitled to reasonable attorney's fees and costs. The Director contends that since the instant case is a traditional mandate proceeding to compel the performance of an official duty and not a proceeding under Code of Civil Procedure section 1094.5, it does not come within the purview of section 10962.

It is our conclusion that the Director's reading of section 10962 is too narrow.

---

[1] Welfare and Institutions Code section 10962 provides:

"The applicant or recipient or the affected county, within one year after receiving notice of the director's final decision, may file a petition with the superior court, under the provisions of Section 1094.5 of the Code of Civil Procedure, praying for a review of the entire proceedings in the matter, upon questions of law involved in the case. Such review, if granted, shall be the exclusive remedy available to the applicant or recipient or county for review of the director's decision. The director shall be the sole respondent in such proceedings. Immediately upon being served the director shall serve a copy of the petition on the other party entitled to judicial review and such party shall have the right to intervene in the proceedings.

"No filing fee shall be required for the filing of a petition pursuant to this section. Any such petition to the superior court shall be entitled to a preference in setting a date for hearing on the petition. No bond shall be required in the case of any petition for review, nor in any appeal therefrom. The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor."

Federal and state regulations in force at times pertinent to these proceedings required the Director to issue his decision within 90 days after a request for a "fair hearing." That duty had been held to be mandatory rather than directory. (*King* v. *Martin* (1971) 21 Cal.App.3d 791 [98 Cal.Rptr. 711].) Petitioner requested a fair hearing on November 24, 1972, and July 5, 1973; the "fair hearing" was held on August 20, 1973; and on August 30, 1973, the referee rendered his proposed decision that claimant qualified for ATD and that the claim should be granted. However, the Director failed to issue his decision until April 9, 1974, after the institution of these proceedings and after service upon him of a peremptory writ of mandate. In the interim, claimant had repeatedly requested the Director to issue his decision, advising him of her desperate circumstances.

The award of attorney's fees in the instant proceeding comports with the spirit and purpose of section 10962. Attorney's fees are provided for by section 10962 in order to enable a needy person to establish through judicial proceedings his or her right to a statutory benefit. (*Trout* v. *Carleson,* 37 Cal.App.3d 337, 343 [112 Cal.Rptr. 282].) The right of judicial review conferred by section 10962 would be an empty right if the Director could withhold his decision indefinitely. Indeed, petitioner's plight which led to the institution of the present proceeding was in practical effect that of a person who had suffered an adverse administrative decision.

■ One of the accepted canons of statutory interpretation is that a statute should not be construed as creating a right without a remedy. (*Bermite Powder Co.* v. *Franchise Tax Bd.,* 38 Cal.2d 700, 703 [242 P.2d 9]; *Board of Retirement* v. *Terry,* 40 Cal.App.3d 1091, 1096-1097 [115 Cal.Rptr. 718].) ■ The remedy pursued by petitioner having been occasioned by the Director's inaction and being essential to make the right granted by section 10962 meaningful, attorney's fees were properly awarded under the authority of that section. ■ Statutes should be given a construction consistent with the legislative purpose and that purpose should not be sacrificed to a literal interpretation. (*Cossack* v. *City of Los Angeles,* 11 Cal.3d 726, 732-733 [114 Cal.Rptr. 460, 523 P.2d 260].)

Judgment is affirmed.

Gardner, P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1975.