[Civ. No. 36582. First Dist., Div. Four. Sept. 17, 1975.]

COUNTY OF HUMBOLDT, Plaintiff and Appellant, v.
DAVID B. SWOAP, as Director, etc., Defendant and Respondent;
FRANK McCOVEY et al., Interveners and Respondents.

**COUNSEL**

Raymond W. Schneider, County Counsel, and Charles P. Selden, Deputy County Counsel, for Plaintiff and Appellant.

No appearance for Defendant and Respondent. '

Abby Abinanti and Bruce J. Friedman for Interveners and Respondents.

David F. Chavkin, Jeffrey B. Neustadt, J. Kendrick Kresse, Richard A. Gonzales, and Richard Pearl as Amici Curiae on behalf of Interveners and Respondents.

OPINION

CHRISTIAN, J.—Humboldt County appeals from an order awarding attorney's fees to California Indian Legal Services (hereinafter CILS).

Frank and Cheryl McCovey were receiving from the Humboldt County Welfare Department aid to families with dependent children (AFDC) as well as certain educational grants. The county reduced the AFDC benefit, treating the educational grant as income for AFDC purposes. Administrative proceedings resulted in a determination by the Director of the State Department of Social Welfare upholding the McCoveys' claim. The county then attacked the decision of the director by a petition of mandamus. The court permitted the McCoveys to intervene in the proceedings; they were represented by CILS. The court upheld the director's decision and awarded attorney's fees for services rendered to the McCoveys by CILS.

The county contends that attorney's fees may not be awarded to welfare recipients who successfully intervene in judicial proceedings which have been brought to review a decision of the director. Attorney's fees may generally be awarded only where they are provided for by statute or by contract. (Code Civ. Proc., § 1021.) Welfare and Institutions Code section 10962 provides that in a court proceeding brought to review the director's disposition of an administrative appeal "The director shall be the sole respondent . . . . Immediately upon being served the director shall serve a copy of the petition on the other party entitled to judicial review and such party shall have the right to intervene in the proceedings." It is also provided that "The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor." It is undisputed that a welfare recipient who successfully attacks by mandamus the director's decision to reduce or terminate benefits is entitled to attorney's fees. (See *Roberts* v. *Brian* (1973) 30 Cal.App.3d 427, 431 [106 Cal.Rptr. 360].) The recipient is no less entitled to such fees

simply because they are payable to a legal aid agency which furnishes its services without charge to the client. (*Trout* v. *Carleson* (1974) 37 Cal.App.3d 337, 343 [112 Cal.Rptr. 282]; accord, *Luna* v. *Carleson* (1975) 45 Cal.App.3d 670, 673 [119 Cal.Rptr. 711]; *Horn* v. *Swoap* (1974) 41 Cal.App.3d 375, 383 [116 Cal.Rptr. 113].)

The McCoveys' entitlement to attorney's fees must be determined by reference to the language of the statute. ■ By a 1969 amendment to section 10962, the Legislature expressly authorized either the county or the applicant or recipient to intervene in mandamus proceedings brought against the director. (Cf. Stats. 1969, ch. 1255, § 2, p. 2454, with Stats. 1968, ch. 1008, § 2, p. 1958.) That amendment reflects the Legislature's judgment that an applicant or recipient has an interest in the director's decision. (See Code Civ. Proc., § 387.) ■ The question is whether an applicant or recipient may be said to have obtained "a decision in his favor" by successfully intervening in a suit where the director's decision upholding his claim for benefits is sustained. A decision which upholds the director's allowance of a recipient's claim is plainly one which is in the recipient's favor. We conclude that if the recipient's interests were safeguarded through the assistance of counsel, Welfare and Institutions Code section 10962 requires an award of reasonable attorney's fees.

In determining the value of legal services rendered to an intervener-recipient, the courts should insure that a recipient's legal representative is not compensated for making a merely nominal appearance or by duplicating the efforts of the Attorney General in representing the director. Here, the county has not contended that the fees awarded by the trial court were unreasonable.

The McCoveys have requested attorney's fees on appeal; that request is to be allowed. (*Horn* v. *Swoap, supra,* 41 Cal.App.3d at p. 384; *Roberts* v. *Brian, supra,* 30 Cal.App.3d at pp. 430-431.)

The judgment is affirmed with directions to hear an application for attorney's fees for services rendered on this appeal and to fix and allow the reasonable amount thereof.

Rattigan, Acting P. J., and Keane, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.