[Nos. F003447, F004129. Fifth Dist. June 23, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES REESE, JR., et al., Defendants and Appellants.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the following exceptions: the facts, defenses and sections II through VII.

**COUNSEL**

Cliff Gardner and Frank O. Bell, Jr., State Public Defender, under appointments by the Court of Appeal, and Cynthia A. Thomas, Deputy State Public Defender, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Garrett Beaumont, J. Robert Jibson and Edmund D. McMurray, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, Acting P. J.—**

### THE CASES BELOW

In an amended information, appellants James Reese, Jr., and William Stephens were accused of the crimes of murder in violation of Penal Code section 187 (count I), mayhem in violation of Penal Code section 203 (count II) and arson with great bodily injury in violation of Penal Code section 451, subdivision (a) (count III). As a special circumstance, it was alleged that the murder was intentional and involved the infliction of torture in violation of Penal Code section 190.2, subdivision (a)(18).[2]

Trials for the codefendants were severed. Each unsuccessfully moved to dismiss counts II and III and the special circumstance allegation. Thereafter, Reese was tried by a jury and Stephens by the court after a waiver of the

---

[2]Hereinafter all references are to the Penal Code unless otherwise noted.

right to a jury trial. Each was found guilty on the three counts. Although the jury rejected the prosecution's theory of a willful, deliberate and premeditated killing by Reese, it nevertheless found Reese guilty of first degree murder on three other theories; murder by torture, felony-murder mayhem and felony-murder arson. The jury also found the special circumstance to be true.

The trial court found Stephens guilty of first degree murder on four bases: a premedidated, deliberate and intentional killing, felony-murder arson, felony-murder mayhem and murder by torture. The special circumstance was also found to be true.

Appellants were sentenced to life without possibility of parol. For Reese, judgment was "suspended" on counts II and III "pursuant to Penal Code section 654." For Stephens, counts II and III were "stayed" for sentencing purposes.

For the reasons to be explained, we affirm the conviction of Reese for first degree murder, arson and mayhem; however, we reverse the jury's special circumstance finding.

We affirm Stephens's convictions and special circumstance finding in their entirety.

THE FACTS*

. . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.

*Did the burning of the victim's clothing constitute the crime of arson? We answer the question in the affirmative.*

 Appellants contend that although the literal wording of the arson statute supports their convictions of arson, the Legislature could not have intended that arson be found on the basis of burned clothing.

Section 451 states in relevant part that "[a] person is guilty of arson when he willfully and maliciously sets fire to or burns or causes to be burned or

---

*See footnote, page 737, *ante.*

who aids, counsels or procures the burning of *any . . . property."* (Italics added.) Section 450 defines "property" as "real property or personal property, other than a structure or forest land."

At common law, arson, like burglary, was an offense against the habitation. It consisted of the malicious burning of a dwelling house of another or any building within the curtilage. (1 Witkin, Cal. Crimes (1963) § 463, p. 425.) By 1929, California had expanded protection to other forms of property, including specified personal property.[9] In 1979, sections 450 and 451 were added. (Stats. 1979, ch. 145, §§ 6, 8, p. 338.) The list of protected personal property was dropped in favor of blanket protection for all personal property.

Consistent with the purpose of the determinate sentencing law, which is that punishment be "fixed by statute in proportion to the seriousness of the offense" (§ 1170), section 451 fixes the terms of imprisonment for various degrees of arson according to the injury or potential injury to human life involved: "[a]rson that causes great bodily injury" (§ 451, subd. (a)), five, seven or nine years in state prison; "[a]rson that causes an inhabited structure . . . to burn" (§ 451, subd. (b)), three, five or seven years; "[a]rson of a structure or forest land" (§ 451, subd. (c)), two, four or six years; and "[a]rson of property" (§ 451, subd. (d)), sixteen months, two or three years.

■ The fundamental rule of statutory construction is that a court should attempt to ascertain the intent of the Legislature to effectuate the purpose of the statute. (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749].) ■ The question thus becomes—did the Legislature intend by the expanded arson statute (§ 451) to protect personal clothing? We think that it did, particularly clothing being worn at the time of the burning or fire. The statutory language is clear, and a literal reading would not invariably lead to absurd results. Moreover, the different levels of punishment for the different types of property suggest a legislative intent to punish the willful and malicious burning of *any* personal property such as clothing, whether or not being worn at the time of the fire.

---

[9]Former section 449a protected "any barrack, cock, crib, rick or stack of hay, corn, wheat, oats, barley or other grain or vegetable product of any kind; or any field of standing hay or grain of any kind; or any pile of coal, wood or other fuel; or any pile of planks, boards, posts, rails or other lumber; or any streetcar, railway car, ship, boat or other watercraft, automobile or other motor vehicle; or any other personal property not herein specifically named except a trailer coach, . . . ."

## II.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . .

The judgment as to appellant Stephens is affirmed.

Martin, J., and Hoover, J.,† concurred.

The petition of appellant Stephens for review by the Supreme Court was denied October 2, 1986.

---

*See footnote, page 737, *ante*.
†Assigned by the Chairperson of the Judicial Council.