Filed 6/5/25  P. v. Hamilton CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B340080 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24LBCF00173) |
| v. | |
| ERIC DEWAYNE HAMILTON, | |
| Defendant and Appellant. | |

THE COURT:

Eric Dewayne Hamilton was convicted by jury of arson and falsely sounding a fire alarm. (Pen. Code, §§ 451, subd. (d), 148.4, subd. (a)(2).)[1] He waived trial on his prior felony convictions and admitted to a conviction for assault with force likely to cause great bodily injury. (§§ 245, subd. (a)(4), 1170.12.) The trial court sentenced him to the high term of three years in prison for arson and 180 concurrent days for sounding the fire alarm; it dismissed

---

[1]    Undesignated statutory references are to the Penal Code.

his felony "strike."[2] We review his appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Before trial, the court denied Hamilton's motion for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. When counsel voiced doubts about Hamilton's mental state, the court suspended proceedings. A psychiatrist examined Hamilton; based on the report, the court found him competent to stand trial.

The evidence shows that Hamilton entered the Long Beach Police Department on February 3, 2024. An employee at the front desk saw him near the fire alarm. Seconds later, Hamilton activated the alarm, then sat down in the lobby near a pay phone. The eyewitness testimony was supported by surveillance footage.

Hamilton ignited a cigarette lighter and held it to the pay phone receiver. The front desk employee told him to stop; he continued despite the warning. The fire department arrived. An investigator examined the pay phone and saw soot and a small amount of fire damage to the receiver. Hamilton did not testify.

In his argument, defense counsel did not deny the events at the police department, but told jurors that Hamilton's conduct "was a cry for help." He was not in his right state of mind, as can be seen in his "increasingly bizarre behavior" on video. There was no serious attempt to light a fire.

The jury deliberated for one hour before finding Hamilton guilty as charged. In a sentencing memorandum, the People wrote that Hamilton has six prior felony convictions and nine misdemeanor convictions; the felonies increased in severity over time, from theft offenses to violent acts. He committed new crimes while on probation or parole.

---

[2] Hamilton pleaded no contest to second degree robbery at the hearing. The robbery is not at issue here.

Hamilton appealed the judgment. We appointed counsel to represent him. After reviewing the record, counsel filed a brief raising no issues. (*Wende, supra,* 25 Cal.3d at pp. 441–442; *People v. Kelly* (2006) 40 Cal.4th 106, 125–126 (*Kelly*).) We advised Hamilton that he had 30 days to personally submit any contentions or issues that he wished to raise on appeal. (See *Kelly,* at p. 124.) He did not file a supplemental brief.

Arson is committed when the defendant "willfully and maliciously sets fire to or burns or causes to be burned . . . any . . . property." (§ 451.) Personal property is included in the crime. (§ 450, subd. (c); *People v. Reese* (1986) 182 Cal.App.3d 737, 739–740 [the defendants burned the victim's clothing].) Arson is a general intent crime requiring only an intent to do the act; no specific intent to burn a building or property is required. (*In re V.V.* (2011) 51 Cal.4th 1020, 1027, 1030; *People v. Oyler* (2025) 17 Cal.5th 756, 828.) Malice and willfulness mean " 'the setting of the fire must be a deliberate and intentional act, as distinguished from an accidental or unintentional ignition . . . .' " (*V.V.,* at p. 1029.)

Substantial evidence supports the jury's verdict. Hamilton's conduct was willful and malicious. He deliberately held a lighter to a telephone, and continued to do so even after the police department employee told him to stop. It was inherently dangerous to light a fire in a public building. Testimony and video evidence showed that Hamilton activated a device to sound a false fire alarm. (§ 148.4, subd. (a)(2).)

We have independently examined the entire record and are satisfied that counsel fully complied with his responsibilities and no arguable issues exist. (*Wende, supra,* 25 Cal.3d at pp. 441–443.) By virtue of appellate counsel's compliance with *Wende*

procedures and our independent review of the record, Hamilton has received adequate and effective appellate review of the judgment. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278–280, 283; *Kelly*, *supra*, 40 Cal.4th at pp. 109–110.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.     RICHARDSON, J.