[No. B065330. Second Dist., Div. Seven. Sept. 22, 1992.]

JORGE ZAVALA HERNANDEZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Louis Spinelli and Albert J. Menaster, Deputy Public Defenders, for Petitioner.

De Witt W. Clinton, County Counsel and Frederick R. Bennett, Assistant County Counsel, for Respondent.

James K. Hahn, City Attorney, Debbie Lew and Lisa S. Berger, Deputy City Attorneys, for Real Party in Interest.

## OPINION

WOODS (Fred), J.—

## I.

### INTRODUCTION

In this petition for writ of mandate we are asked to decide whether rule 185.5 of the California Rules of Court requires the appellate department of

the superior court to conclusively presume a misdemeanor appellant is indigent for purposes of appointing appellate counsel if he was found indigent and represented by appointed counsel in the trial court. We find that rule 185.5 does not require such a conclusive presumption.

## II.

### FACTS AND PROCEEDINGS BELOW

Petitioner Jorge Zavala Hernandez was tried in municipal court on a misdemeanor charge of receiving stolen property. He was represented at trial by the county public defender. The court convicted Hernandez and later found him in violation of probation in another case. As a result, the court sentenced Hernandez to consecutive terms in county jail. The public defender filed a notice of appeal on Hernandez's behalf, together with an application for appointment of counsel on appeal as required by the appellate department's rule.

After reviewing Hernandez's financial application, the appellate department found "an insufficient showing of indigency," and denied Hernandez's request for appointment of counsel. The public defender filed a motion for reconsideration of the court's denial of appointment of counsel and requested an extension of time to file opening briefs.

In the motion for reconsideration, the public defender urged the court to abide by the recently effective California Rules of Court, rule 185.5.[1] Rule 185.5, trial counsel argued, made appointment of counsel on appeal mandatory for a misdemeanor defendant represented by appointed counsel in the trial court.

The appellate department found the motion "meritless," and ordered opening briefs to be filed within 26 days. Immediately thereafter, the public defender filed this petition for writ of mandate and requested a stay order. We issued an alternative writ and stayed the proceedings until further decision on the merits of the petition.

## III.

### DISCUSSION

A. *The presumption of indigency is not conclusive, and the court has specific authority to confirm the claimed indigency.*

California Rules of Court, rule 185.5 (rule 185.5) provides:

---

[1]Effective July 1, 1991.

"(a) [*Standards for appointment*] On application of an indigent defendant-appellant, the appellate department shall appoint counsel on appeal for a defendant convicted of a misdemeanor who is subject to incarceration or a fine of more than $500 (including penalty and other assessments), or who is likely to suffer significant adverse collateral consequences as a result of the conviction. A defendant is 'subject to' incarceration or a fine if the incarceration or fine is in a sentence, or is a condition of probation, or may be ordered if the defendant violates probation. *A defendant who was represented by appointed counsel in the trial court is presumed to be indigent*; other defendants may establish their indigency as in the Courts of Appeal.

"(b) [Application; duty of trial counsel] If defense trial counsel believes that the client is indigent and will file an appeal, counsel shall prepare for the defendant's signature and file in the trial court an application to the appellate department for appointment of counsel. *The application shall include a declaration of indigency supported by evidence of representation in the trial court by appointed counsel* or by evidence of indigency in the form required by the Court of Appeal for the district where the court is located. The trial court clerk shall transmit the application to the appellate department along with the record on appeal. A defendant-appellant may, however, apply directly to the appellate department for appointment of counsel after the record on appeal is filed.

"The appellate department may take a reasonable time to reconfirm that the defendant-appellant still seeks appointment of counsel *or to confirm the facts stated in the application*." (Italics added.)

Petitioner contends that the presumption set forth in rule 185.5(a) is conclusive and may not be rebutted. He cites no authority for this contention beyond the rule itself.

Such a construction is inconsistent with the context of the rule. If the presumption were conclusive, the rule need only say that a defendant who was represented by appointed counsel in the trial court shall have counsel appointed.

Moreover, Evidence Code section 620[2] states that conclusive presumptions are either contained in article 2, chapter 3, of division 5 of the Evidence Code or are "declared by law to be conclusive." There is no such declaration in rule 185.5.

Nor does it make any sense that a person is entitled to counsel at public expense if he has sufficient personal assets merely because he was so

---

[2]Evidence Code section 620 provides: "The presumptions established by this article, and all other presumptions declared by law to be conclusive, are conclusive presumptions."

represented at one stage in the proceedings. It seems clear to this court that rule 185.5 was designed not to implement a substantive public policy, such as Evidence Code sections 605[3] and 606.[4] Rather, it appears the presumption was established to facilitate the determination of the particular action in which the presumption is applied. We cite Evidence Code sections 603[5] and 604[6] as the correct reference in this instance.

Accordingly, the only effect of the presumption "is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." (Evid. Code, § 604.) The presumption is not to be "construed to prevent the drawing of any inference that may be appropriate." (*Ibid.*)

Petitioner's financial statement contained evidence which would support a finding of the nonexistence of indigency. The declaration showed a family income of $2,236.80 a month and total family expenses of $1,700 per month. Accordingly, Evidence Code section 604 provides: "the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption."

Rule 185.5 also specifically provides that the "appellate department may take a reasonable time . . . to confirm the facts stated in the application." No restrictions are placed upon this power, which necessarily implies power to acquire the evidence to confirm the facts, which the court in this case did by requesting the financial statement.

Further it is clear that defining the language of rule 185.5 as creating a conclusive presumption would conflict with existing statutes regarding the

---

[3]Evidence Code section 605 provides: "A presumption affecting the burden of proof is a presumption established to implement some public policy other than to facilitate the determination of the particular action in which the presumption is applied, such as the policy in favor of establishment of a parent and child relationship, the validity of marriage, the stability of titles to property, or the security of those who entrust themselves or their property to the administration of others."

[4]Evidence Code section 606 provides: "The effect of a presumption affecting the burden of proof is to impose upon the party against whom it operates the burden of proof as to the nonexistence of the presumed fact."

[5]Evidence Code section 603 provides: "A presumption affecting the burden of producing evidence is a presumption established to implement no public policy other than to facilitate the determination of the particular action in which the presumption is applied."

[6]Evidence Code section 604 provides: "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption. Nothing in this section shall be construed to prevent the drawing of any inference that may be appropriate."

appointment of counsel. Government Code section 27707[7] authorizes the court in a pending proceeding to "make the final determination in each case as to whether a defendant . . . is financially able to employ counsel and qualifies for the services of the public defender." Interpreting rule 185.5 as a conclusive presumption would strip the appellate department of its authority to determine indigence and directly conflict with Government Code section 27707's mandate. Adopting an interpretation of rule 185.5 that allows for the presumption to be rebutted by a showing of ability to pay harmonizes the rule with the court's authority under section 27707, and maintains the integrity of both the rule and the statute. (*Pacific Motor Transport Co.* v. *State Bd. of Equalization* (1972) 28 Cal.App.3d 230, 235 [104 Cal.Rptr. 558].)

■ "Where as here two codes are to be construed, they 'must be regarded as blending into each other and forming a single statute.' [Citation.] Accordingly, they 'must be read together and so construed as to give effect, when possible, to all the provisions thereof.' [Citations.]" (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749].)

■ Interpreting rule 185.5 as a conclusive presumption would also force the appellate department to ignore an appellant's changed financial circumstances. This too would conflict with existing statutes. The Legislature has recognized the potential for a change in an indigent defendant's circumstances between the commencement and conclusion of trial. Penal Code sections 987.8 and 987.81 provide in part that the court may determine whether a defendant who had appointed counsel at trial has the ability to reimburse the county for the costs of that appointed counsel. It would be

---

[7]"*The court in which the proceeding is pending may make the final determination in each case as to whether a defendant or person described in Section 27706 is financially able to employ counsel and qualifies for the services of the public defender.* The public defender shall, however, render legal services as provided in subdivisions (a), (b) and (c) of Section 27706 for any person the public defender determines is not financially able to employ counsel until such time as a contrary determination is made by the court. If a contrary determination is made, the public defender thereafter may not render services for such person except in a proceeding to review the determination of that issue or in an unrelated proceeding. In order to assist the court or public defender in making the determination, the court or the public defender may require a defendant or person requesting services of the public defender to file a financial statement under penalty of perjury. The financial statement shall be confidential and privileged and shall not be admissible as evidence in any criminal proceeding except the prosecution of an alleged offense of perjury based upon false material contained in the financial statement. The financial statement shall be made available to the prosecution only for purposes of investigation of an alleged offense of perjury based upon false material contained in the financial statement at the conclusion of the proceedings for which such financial statement was required to be submitted. The financial statement shall not be confidential and privileged in a proceeding under Section 987.8 of the Penal Code." (Italics added.)

incongruous to allow a court to order a defendant who had appointed counsel at trial to reimburse the county for those costs, but yet require the reviewing court to appoint counsel on appeal despite the subsequent finding of ability to pay. ■ " '[I]t is a duty of the courts to construe statutes so as to avoid such an absurd result, if possible . . . .' " (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 9 [177 Cal.Rptr. 325, 634 P.2d 352].)

■ Logic and common sense, supported by the principles of statutory construction, mandate the rejection of petitioner's interpretation of rule 185.5 that the presumption contained therein is conclusive. The interpretation that provides meaning to the rule without disturbing the intent of existing statutes is that suggested above, that the presumption is rebuttable and that the superior court retains its authority to determine indigence.

B.  *The presumption of indigency was rebutted by the financial statement which would support a determination that the petitioner was not indigent.*

■ As indicated previously, the financial statement indicates a family income of $2,236.80 a month and total family expenses of $1,700 per month.

This evidence and the inferences that can be drawn from it would support a finding of nonindigency for the purposes of appeal. The difference between monthly expenses and family income is over $500, a sum which in just four months would provide the sum which petitioner stated an attorney had requested to file the brief. That statement was signed on August 26, 1991, almost seven months before the brief was due on March 17, 1992.

Accordingly, there are sufficient facts in the record to support the court's conclusion that there is an insufficient showing of indigency. ■ A judgment or order of a lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. (*Walling* v. *Kimple* (1941) 17 Cal.2d 364, 373 [110 P.2d 58]; cf. 9 Witkin, Cal. Procedure (1985) Appeal, § 268, Presumptions in Favor of Judgment.)

■ Nor do we find any abuse of discretion. ■ Under the "abuse of discretion" standard of review, appellate courts will disturb discretionary trial court rulings only upon a showing of a "clear case of abuse" and "a miscarriage of justice." (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

The "abuse of discretion" standard is not met simply by arguing that a different ruling would have been "better." Discretion is "abused" only when,

in its exercise, the trial court "exceeds the bounds of reason, all of the circumstances before it being considered." (*Denham* v. *Superior Court, supra,* quoting *Loomis* v. *Loomis* (1960) 181 Cal.App.2d 345, 348-349 [86 Cal.Rptr. 65, 468 P.2d 193]; *Toyota Motor Sales U.S.A, Inc.* v. *Superior Court (Lee)* (1990) 220 Cal.App.3d 864, 870 [269 Cal.Rptr. 647].)

The person seeking appellate review has the burden of establishing an abuse of discretion. (*Blank* v. *Kirwan, supra,* 39 Cal.3d 311; *Denham* v. *Superior Court, supra,* 2 Cal.3d 557.) That burden has not been met in this instance.

## C. *Petitioner has been able to obtain counsel in any event.*

The Los Angeles County Public Defender was duly appointed to represent the petitioner in the trial court, the public defender accepted that appointment and provided that representation, and has not been relieved from such representation.

The public defender has the authority to represent the petitioner on appeal in this matter, and the duty to do so if he believes the appeal has merit, in that Government Code section 27706 provides in pertinent part: "Upon request of the defendant or upon order of the court, the public defender shall defend, without expense to the defendant . . . any person who is not financially able to employ counsel and who is charged with the commission of any . . . defense triable in the superior, municipal or justice courts *at all stages of the proceedings,* including preliminary examination. The public defender *shall, upon request . . . prosecute all appeals* to a higher court or courts of any person who has been convicted, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction." (Italics added).

Moreover, the public defender has undertaken the representation of the petitioner in the appeal. On July 22, 1991, notices of appeal were filed in case No. 91R11037 and in case No. 90R31740, which were signed only by a deputy public defender as trial counsel. Rule 185.5(b) provides that if defense trial counsel believes that the client is indigent and will file an appeal, counsel shall prepare *"for the defendant's signature"* an application to the appellate department for appointment of counsel.

Further, on December 23, 1991, the public defender, as "Attorneys for Movant" filed on petitioner's behalf a motion for reconsideration of denial of appointment of counsel and request for extension of time.

It appears to this court, and the record in this so reflects, that the public defender has assumed the representation of petitioner in this present petition.

## IV.

### DISPOSITION

The petition for writ of mandate is denied. The alternative writ issued April 23, 1992, and filed April 24, 1992, is discharged.

Lillie, P. J., concurred.

**JOHNSON, J.**—I respectfully dissent. In this petition for writ of mandate we were asked to decide whether rule 185.5 of the California Rules of Court requires the appellate department of the superior court to presume a misdemeanor appellant is indigent if he was found indigent and represented by appointed counsel in the trial court for purposes of appointing counsel. While I agree with the majority as to the nature of the presumption rule 185.5[1] creates, I regard the appellate department's local rule or practice requiring defendants to submit a new affidavit of indigency to be inconsistent with that presumption. This local rule or practice actually shifts the burden of *production of evidence* to the party in whose favor the presumption runs under rule 185.5. Since the local rule or practice violates rule 185.5, I would issue a writ directing the appellate department to appoint counsel for petitioner for his appeal.

To explain why I reach this conclusion requires some exploration into the background of rule 185.5 and the presumption it creates. This rule became effective on July 1, 1991.[2] The history of this new rule reveals its purpose is to ensure timely appointment of counsel to indigent misdemeanor appellants.

---

[1] All references to rules are to the California Rules of Court.

[2] The text of California Rules of Court, rule 185.5 states:

"(a) [*Standards* for appointment] On application of an indigent defendant-appellant, the appellate department shall appoint counsel on appeal for a defendant convicted of a misdemeanor who is subject to incarceration or a fine of more than $250 (including penalty and other assessments), or who is likely to suffer significant adverse collateral consequences as a result of the conviction. A defendant is 'subject to' incarceration or a fine if the incarceration or fine is in a sentence, or is a condition of probation, or may be ordered if the defendant violates probation. The court may appoint counsel on appeal for other indigent defendants. *A defendant who was represented by appointed counsel in the trial court is presumed to be indigent*; other defendants may establish their indigency as in the Courts of Appeal.

"(b) [Application; duty of trial counsel] If defense trial counsel believes that the client is indigent and will file an appeal, counsel shall prepare for the defendant's signature and file in the trial court an application to the appellate department for appointment of counsel. *The application shall include a declaration of indigency supported by evidence of representation in the trial court by appointed counsel* or by evidence of indigency in the form required by the

(AOC News Release, No. 91, Dec. 10, 1990.) The process for indigent misdemeanor defendants on appeal needed to be expedited so as not to delay the proceedings unnecessarily. The objective of rule 185.5 was for a state-wide rule to establish uniform practices for timely appointment of counsel in appeals to superior court appellate departments. (See Judicial Council of Cal., AOC Rep. Summary, Apr. 12, 1991, p. 7.)

The rule was adopted as part of the "delay reduction program" for the California court system for the express purpose of expediting misdemeanor appeals. (Ringuette, *Humboldt's Formula for Delay Reduction Is Simple, Effective*, Court News (Feb./Mar. 1991) 1.) Accordingly, the adoption of rule 185.5 advances the "delay reduction program" with respect to indigent misdemeanor appeals.

Rule 185.5 establishes two methods for indigent misdemeanor appellants to secure appointed counsel on appeal. Misdemeanor appellants deemed indigent and represented by appointed counsel at trial comprise the first category. The second category consists of all other misdemeanor defendants who wish appointed counsel on appeal and who were not represented by appointed counsel at trial. (Rule 185.5(a).)

Defendants in the second category must establish their indigency for the first time with the appellate department. As stated in rule 185.5, these defendants must submit evidence of indigency which meets the acceptable standards of indigency required by the Court of Appeal for the district where the superior court is located. (Rule 185.5(b).) In order to comply, the defendant generally is required to complete a financial statement detailing the applicant's income and expenses. From this information the appellate department makes its determination whether the defendant is indigent and therefore whether the defendant has a right to appointed counsel on appeal. The court may take a reasonable amount of time to confirm the facts stated in the application in order to verify the defendant's indigency. (Rule 185.5 (b).)

However, for the other category of appellants—those who were represented at trial by appointed counsel—rule 185.5 creates an entirely different, abbreviated process for determining indigency on appeal. The rule instructs

Court of Appeal for the district where the court is located. The trial court clerk shall transmit the application to the appellate department along with the record on appeal. A defendant-appellant may, however, apply directly to the appellate department for appointment of counsel after the record on appeal is filed.

"The appellate department may take a reasonable time to reconfirm that the defendant-appellant still seeks appointment of counsel or to confirm the facts stated in the application." (Italics added.)

the court to presume indigency for this second category of defendants. (Rule 185.5(a).) These defendants must also file an application for appointed counsel with the appellate department. The application, however, need only declare defendant's indigency under penalty of perjury. This declaration must be supported with evidence the defendant was represented by appointed counsel in the trial court. (Rule 185.5(b).)

The rule also authorizes the appellate department to confirm the facts stated in the application for those defendants already represented by appointed counsel at trial. (Rule 185.5.) However, under these circumstances, the court is only to confirm the fact the defendant was represented at trial by appointed counsel. Once this fact is confirmed, the defendant is presumed to be indigent and is entitled to appointment of counsel on appeal. Because this fact is easily confirmed by checking the municipal court documents included in the file, this method eliminates the need for the appellate department to make any additional inquiry as to the appellant's financial status and expedites the review process for misdemeanor appellants.

Although it is possible to construe the presumption of indigency stated in rule 185.5 as a conclusive presumption, at a minimum it is what my colleagues found it to be—a presumption affecting the burden of production of evidence. In the absence of clear history evidencing an intent to create a conclusive presumption, I consider this a sound interpretation of the rule. However, I differ with the majority opinion over the meaning of a presumption affecting the burden of producing evidence.

If a presumption running in defendant's favor on the burden of producing evidence means anything, it means someone else must come forward with contrary evidence first before the defendant must produce any proof on the question of his indigency. In other words, where a defendant has been found indigent and represented by appointed counsel at the trial level, the presumption of indigency will prevail unless and until contrary evidence is presented to the appellate court by someone other than the defendant. (Evid. Code, § 604.)[3] For instance, if the prosecutor or any other third party submitted evidence a defendant now had the ability to pay that evidence could rebut the

---

[3]According to Witkin, presumptions affecting the burden of producing evidence are " 'expressions of experience,' designed to dispense with unnecessary proof. 'Typically, such presumptions are based on an underlying logical inference. In some cases, the presumed fact is so likely to be true and so little likely to be disputed that the law requires it to be assumed in the absence of contrary evidence. In other cases, evidence of the nonexistence of the presumed fact, if there is any, is so much more readily available to the party against whom the presumption operates that he is not permitted to argue that the presumed fact does not exist unless he is willing to produce such evidence. In still other cases, there may be no direct evidence of the existence or nonexistence of the presumed fact; but, because the case must be

presumption of indigency and require appellant to produce independent evidence proving his indigency at the time of the appeal. In the absence of any evidence from another party suggesting nonindigency, however, the appellate department is required to grant defendant the same right on appeal. (See Judicial Council of Cal., AOC Rep. Summary, Apr. 12, 1991, p. 9.)

In the present case, petitioner was declared indigent at the trial level and was represented by the public defender. Therefore under this rule, Hernandez was only required to declare his indigency and show evidence of representation by the public defender at trial in order to be entitled to appointed counsel on appeal. The appellate department's "informal rule" requiring appellant and similarly situated defendants to submit affidavits detailing their financial circumstances is inconsistent with rule 185.5. This "informal rule" disregards the presumption created in rule 185.5 by requiring appellants, like petitioner, to produce evidence demonstrating the indigency they already had established through affidavits submitted to the trial court. As a consequence, this local practice violates the specific language and entirely defeats the purpose of the statewide rule. Therefore, in my view, the appellate department's "informal rule" is invalid. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 29 [210 Cal.Rptr. 762, 694 P.2d 1134] [local court rules may have force of law only in the absence of legislative direction to the contrary]; *Laborers' Internat. Union of North America* v. *El Dorado Landscape Co.* (1989) 208 Cal.App.3d 993, 1002 [256 Cal.Rptr. 632] [Legislature properly delegated authority to Judicial Council to implement statewide rules to implement Trial Court Delay and Reduction Act].)

Redundant inquiries and determinations only serve to backlog the court system and waste judicial resources. If a lower court has recently deemed a defendant to be indigent, one may conclude a new inquiry into the defendant's indigency only a few days later to be a time consuming and virtually useless endeavor. In a judicial environment of crushing case loads, any rule which saves the court from any unnecessary inquiries is a rule which should be implemented and utilized consistently. This is especially true when this rule strengthens and improves the administration of an overworked justice system. The rule's presumption of indigency for misdemeaner appellants represented by appointed counsel at trial expedites judicial administration and ensures uniformity and consistency in the treatment of misdemeanor appellants.

---

decided, the law requires a determination that the presumed fact exists in light of common experience indicating that it usually exists in such cases.' " (1 Witkin, Cal. Evidence (3d ed. 1986) Burden of Proof and Presumptions, § 176, p. 150, citing Cal. Law Revision Com. com., West Ann. Evid. Code, § 603, p. 563.) The presumption in rule 185.5 is of the first variety—a fact so likely to be true it is assumed unless some other party produces contrary evidence.

Because petitioner was deemed indigent at trial and filed an application with the appellate department declaring his indigency and providing proof he had appointed counsel at trial, he is entitled to the presumption created under rule 185.5. In the absence of third party evidence suggesting defendant was not indigent at the time of appeal, the appellate department violated that statewide rule when it ignored the presumption under rule 185.5 and required defendant to submit a new affidavit of indigency. Accordingly, there is no evidence properly before the appellate department contradicting the earlier finding of indigency and pursuant to rule 185.5 petitioner is entitled to appointment of counsel on appeal.[4]

For these reasons, I would issue the peremptory writ directing the appellate department to appoint counsel for petitioner and to refrain from requiring future appellants who were represented by appointed counsel at trial to submit affidavits of indigency at the appellate stage (unless third party evidence suggests an appellant is not indigent at the time of the appeal.)

A petition for a rehearing was denied September 29, 1992, and petitioner's application for review by the Supreme Court was denied December 30, 1992. Kennard, J., was of the opinion that the application should be granted.

---

[4]Of course should facts become known to the court after the appeal revealing the defendant in fact was financially able to retain private counsel at trial, on appeal, or both, all is not lost. There are statutory provisions to require reimbursement from those who can afford counsel. Upon conclusion of the proceedings, the court may hold a hearing on the defendant's ability to pay in the event of a change in circumstances. (Pen. Code, § 987.8, subd. (b); Pen. Code, § 987.81, subd. (a).) Under these statutory provisions, if the court determines the defendant has the present ability to pay, the defendant will be required to pay all or a portion of the cost of legal assistance (if necessary, by monthly installments). (*Ibid.*)