Filed 4/2/21  Locke Management Assn. v. Esch CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LOCKE MANAGEMENT ASSOCIATION, | C087137 & C088192 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2011-00103789-CU-OR-GDS) |
| v. | |
| MARTHA ESCH, | |
| Defendant and Appellant. | |

Despite an extensive history of litigation spanning almost a decade, these consolidated appeals are limited to the question of whether the trial court erroneously ordered Martha Esch to pay a total of $118,148 in postjudgment attorney fees to Locke Management Association (Locke Management).

In a prior appeal, Esch sought to challenge a May 2016 judgment entered after the trial court granted Locke Management summary judgment on its claim that Esch violated Locke Management's right of first refusal when she purchased residential property from an estate in the historic town of Locke.  (*Locke Management Association v. Esch*

1

(C082055) (*Locke I*).)  The appeal from the May 2016 judgment also encompassed the trial court's earlier grant of summary judgment against Esch on her cross-complaint against Locke Management.  *Locke I* also included a challenge to a September 2016 postjudgment award of approximately $150,000 in attorney fees to Locke Management for prevailing on its complaint and securing a dismissal of Esch's cross-complaint.

In September 2017, this court issued a partial remittitur in *Locke I* as to only the portion of the appeal that was filed from the final judgment.  In June 2018, this court dismissed the remainder of the appeal *Locke I* for lack of timely prosecution by Esch.  Thus, this court did not render a decision in *Locke I*.

These consolidated appeals arise out of two subsequent awards of attorney fees: First, in April 2018, the trial court awarded $83,148 in an amended judgment to Locke Management for attorney fees incurred to enforce the May 2016 judgment.  Second, in October 2018, the trial court awarded $35,000 in a postjudgment order to Locke Management for attorney fees relating to the appeal in *Locke I*.

Esch[1] now contends (1) the trial court granted duplicative and excessive attorney fees to Locke Management, (2) she was denied her rights of due process and confrontation when the trial court did not "allow Esch a complete and accurate record," (3) Locke Management failed to offer to her an alternative dispute resolution option before suing her, (4) the trial court erred in granting attorney fees under Civil Code sections 1717 and 5975, and (5) Locke should be barred from recovering its attorney fees due to unclean hands.

---

[1]     We observe that Esch is not entitled to special treatment by this court even though she is representing herself without the assistance of an attorney.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  We must hold Esch to the same standards as a practicing attorney.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

We conclude that Esch has not met her burden of demonstrating that the trial court awarded duplicative or excessive attorney fees. We reject her assertions that the trial court's orders denied her due process of law or violated her confrontation rights. The remainder of Esch's contentions are not cognizable on appeal. These contentions are noncognizable because they relate to the judgment from which Esch appealed in *Locke I*. Her current notices of appeal allow her to challenge only the awards of attorney fees issued after our dismissal of *Locke I*. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY[2]

### *May 2016 – Judgment in the Underlying Action*

In May 2011, Locke Management filed an action against Esch and the estate to enforce its right of first refusal. Esch filed a cross-complaint alleging civil rights violations on grounds that the declaration of covenants, conditions, and restrictions (CC&R's) that allowed Locke Management a right of first refusal for the purchase of property within the historic town of Locke was racially discriminatory. In March 2016, the trial court granted Locke Management's motion for summary judgment as to its complaint and granted specific performance to Locke Management. In granting summary judgment, the trial court rejected Esch's assertions that Locke Management acted with unclean hands. In November 2014, the trial court granted summary judgment against Esch on her cross-complaint. Judgment was entered in May 2016.

### *September 2016 – Postjudgment Order for Attorney Fees*

In September 2016, the trial court issued a postjudgment order in which it awarded Locke Management attorney fees in the amount of $105,660.79 for prevailing as plaintiff in the underlying action in addition to $44,456.70 for prevailing as cross-defendant. The

---

**2** Locke Management's request for judicial notice (filed on Dec. 11, 2018) is granted. (Evid. Code, §§ 452, subd. (d), 459.)

attorney fees were imposed jointly and severally on Esch and the estate of the seller who was the codefendant in the underlying case.

As noted in our introduction, in *Locke I*, Esch appealed both the judgment in the underlying action and the September 2016 postjudgment attorney fee order. This court dismissed the appeal in *Locke I* prior to issuance of a decision.

### April 2018 – Award of Attorney Fees in an Amended Judgment

In April 2018, the trial court awarded $83,148 in attorney fees to Locke for its efforts in enforcing the May 2016 judgment and September 2016 order. In April 2018, the trial court issued an amended judgment that added the newly awarded fees to the previously granted attorney fees and accrued interest. Altogether, the new judgment total was $202,588.59.

Esch timely filed a notice of appeal from the April 2018 amended judgment.

### October 2018 – Postjudgment Order Granting Attorney Fees

In October 2018, the trial court awarded attorney fees in the amount of $35,000 to Locke Management for legal work relating to the appeal of *Locke I*.

Esch timely filed a notice of appeal from the October 9, 2018, order granting attorney fees.

We subsequently ordered Esch's appeals from the amended judgment and postjudgment order to be consolidated for purposes of decision.

## DISCUSSION

### I

### Duplicative and Excessive Attorney Fees

Esch argues that the trial court awarded duplicative and excessive attorney fees to Locke Management. Specifically, she asserts that Locke Management's attorneys' "billings included assistant level work at attorney's rates, work performed for [Locke

4

Management] for eleven (or more) other, separate lawsuit case numbers against other Locke property owners; a former board member; two separate HUD complaints; and [Locke Management's] denied Preliminary Injunction against Esch."  We are not persuaded.

## A.

### *Principles of Appellate Review*

In every appeal, we begin with the presumption that the trial court's orders are correct.  (*Clark v. Superior Court* (2011) 196 Cal.App.4th 37, 46-47.)  Consistent with this presumption, we view the evidence in the record in the light most favorable to the trial court's judgment and orders.  (*Id.* at p. 47.)  We defer to the trial court's resolution of factual disputes as conclusive.  (*Ibid.*)

We review challenges to the reasonableness of attorney fee awards under the abuse of discretion standard of review.  (*Hjelm v. Prometheus Real Estate Group, Inc*. (2016) 3 Cal.App.5th 1155, 1176.)  The " 'abuse of discretion' standard is not met simply by arguing that a different ruling would have been 'better.'  Discretion is 'abused' only when, in its exercise, the trial court 'exceeds the bounds of reason, all of the circumstances before it being considered.'  (*Denham v. Superior Court*[(1970)] [2 Cal.3d 557, 566], quoting *Loomis v. Loomis* (1960) 181 Cal.App.2d 345, 348-349; *Toyota Motor Sales U.S.A., Inc. v. Superior Court* (*Lee*) (1990) 220 Cal.App.3d 864, 870.)  [¶]  The person seeking appellate review has the burden of establishing an abuse of discretion. (*Blank v. Kirwan* [(1985)] 39 Cal.3d 311; *Denham v. Superior Court* [(1970)] 2 Cal.3d 557.)"  (*Hernandez v. Superior Court* (1992) 9 Cal.App.4th 1183, 1190-1191.)

Under the abuse of discretion standard, we reverse a discretionary attorney fee award "only upon a showing of a 'clear case of abuse' and 'a miscarriage of justice.' " (*Hernandez v. Superior Court*, *supra*, 9 Cal.App.4th at p. 1190, citing *Blank v. Kirwan, supra*, 39 Cal.3d 311, 331 & *Denham v. Superior Court, supra*, 2 Cal.3d 557, 566.)  In

light of these principles governing review of challenges to the reasonableness of attorney fee awards, an appellant bears a heavy burden in establishing reversible error. (*Denham v. Superior Court,* at p. 566.)

## B.

### *Award of Attorney Fees to Locke Management*

We conclude that Esch has not established an abuse of discretion by the trial court in awarding attorney fees to Locke Management. In making the April 2018 award of attorney fees, the trial court noted that the motion for fees was supported by a memorandum of costs. Locke Management's memorandum of costs explains that substantial effort was required to enforce the prior judgment against Esch. The memorandum of costs was accompanied by detailed records of time, efforts, and costs expended in enforcing the judgment. Similarly, the trial court's October 2018 attorney fee award notes that Locke Management's motion was supported by a detailed enumeration of hours and efforts in connection with Esch's appeal in *Locke I*. The trial court found that the billing rate was reasonable in the Sacramento community and that Locke Management was seeking only $35,000 in fees when "the total amount incurred in the appeal was actually $54,028."

Esch's argument regarding the reasonableness of attorney fees awarded is not supported by a single citation to the appellate record. "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117, fn. 2 . . . .) We can simply deem the contention to lack foundation and, thus, to be forfeited." (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407.) Esch's lack of record citations forfeits her factual assertions regarding the reasonableness of the fees awarded. (*Ibid.*) Indeed, her lack of record citation makes it difficult to discern even whether her assertions relate to the April 2018

6

and/or the October 2018 orders. As a result, Esch has not presented a proper argument that overcomes the presumption of correctness attaching to the trial court's orders on fees.

## II

### *Due Process*

Esch argues that the trial court denied her due process rights due to lack of notice and lack of opportunity to prepare a defense. Specifically, Esch "contends she was not provided a complete copy of [Locke Management's] motion and exhibits, the subject of the October 2, 2018 hearing." We reject the argument.

### A.

### *Notice*

In the trial court, Esch asserted that Locke Management did not serve her with a complete motion for attorney fees relating to enforcement of the judgment. The trial court rejected the assertion by finding: "The actual motion in this case is 10 pages long, and Esch states that she received 10 pages. Attached to the original motion (but not the court's bench copy) was also a proposed order and a proposed judgment, which is why [the trial court's docket] states that the motion is 17 pages long even though it is only 10 pages long. [Esch] has not established that she was served with an 'incomplete motion.' A proposed Order is not part of the motion; it takes effect only upon being signed. 'An application for an order is a motion.' Cal. Code Civ Proc § 1003. Technically, 'motions' do not include orders. See, [California Rules of Court,] Rule 3.1112. Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order."

A party objecting on grounds of lack of notice forfeits the objection by appearing at a hearing to tender a substantive argument on the issue for which the lack of notice is asserted. " '[I]t is well settled that the appearance of a party at the hearing of a motion

7

and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective.' " (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1288, quoting *Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 930.)

Despite Esch's objection in the trial court to the asserted deficiency in service of the motion for fees, she nonetheless argued that the fees were unreasonable, duplicative, and excessive. In addition, Esch mounted a considerable number of arguments including that Locke Management lacked standing, acted with unclean hands, and requested fees that "are unethical and illegal per the Brown Act," that the underlying settlement "was the result of collusion," Locke Management was not the prevailing party, and that Locke Management was not entitled to fees as a consequence of its violation of the CC&R's. By advancing these numerous arguments against the motion for attorney fees, Esch forfeited her claim of deficient notice.

**B.**

***Opportunity to Prepare a Defense and Confront Evidence Against Her***

Esch next argues that she was denied her due process right of an opportunity to prepare a defense. Although not signaled in her argument heading, Esch includes an assertion that her rights under the confrontation clause were violated as well. These constitutional arguments rest on Esch's assertion that she did not receive the complete motion for attorney fees related to enforcement of the judgment. We reject the arguments.

In asserting constitutional violations arising out of receipt of an incomplete motion, Esch does not dispute the trial court's express finding that she did receive the

8

complete motion (albeit without the proposed order). In light of the trial court's unchallenged factual finding that Esch received the complete motion, she cannot establish error or prejudice. Esch cannot establish error because her argument depends on the assumption that she did not receive the entirety of the *motion* for attorney fees. Moreover, Esch cannot establish prejudice because she does not explain how a different and more favorable outcome would have been probable if she had received the *proposed order* along with Locke Management's motion. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105.)

## III

### *Noncognizable Issues*

The remainder of Esch's arguments are that the trial court erred (1) in awarding fees under Civil Code sections 1717 and 5975, (2) in excusing Locke Management from the requirement that it offer to her an alternative dispute resolution option before filing a lawsuit against her, and (3) in ignoring Locke Management's "unclean hands." These remaining arguments are not cognizable in these consolidated appeals.

### A.

### *Prohibition on Arguments that Could Have Been Raised in a Prior Appeal*

For a century, it has been California law, "for which there is abundant authority, that if the appeal from the order made after judgment would present the same questions as would be presented on an appeal from the judgment, the order is not appealable." (*Hilliker v. Board of Trustees or City Council of City of Seal Beach* (1928) 91 Cal.App. 521, 526; accord *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1985) 176 Cal.App.3d 480, 487.) As a consequence, "[t]he issues raised by the appeal from [a postjudgment] order must be different from those arising from an appeal from the judgment. (See *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351.) 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as

9

those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.' (*Id*. at p. 358.)" (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).) In short, an appellant cannot raise issues on appeal from a post-judgment order that could have been presented in an appeal from the judgment.

## B.

### *Alternative Dispute Resolution*

Esch argues that the trial court erred because, "[a]t no point *prior to filing suit* did [Locke Management] offer Alternative Dispute Resolution to [her]." (Italics added.) In making this argument, Esch complains that a letter sent by Locke Management in March 2011, prior to the filing of the underlying action, did not offer her the option of alternative dispute resolution. Esch asserts that "[t]his goes to the very core of the statutes requiring [alternative dispute resolution] prior to filing suit." Esch's argument relates to prelitigation conduct that could have been addressed in her appeal from the underlying judgment in which the trial court granted summary judgment on Locke Management's claims and dismissed her cross-complaint.

An objection based on failure of an opposing party to offer prelitigation alternative dispute resolution must be timely raised by demurrer in the trial court. (*Cabrini Villas Homeowners Assn. v. Haghverdian* (2003) 111 Cal.App.4th 683, 692.) As a challenge that may be raised by the pretrial procedural vehicle of demurrer, it is an issue that is properly raised in an appeal from the underlying judgment. (See, e.g., *id.* at pp. 688, 692.) Because Esch could have raised this issue in her prior appeal, it cannot be challenged in these subsequent appeals. (*Lakin, supra,* 6 Cal.4th at p. 651.)

10

## C.

### Civil Code Sections 1717 and 5975

Esch argues that the trial court erred in granting to Locke Management attorney fees under Civil Code sections 1717 and 5975. In so arguing, Esch does not specify the award(s) of attorney fees to which her argument corresponds. Indeed, her argument is unaccompanied by citations to where in the record that we might find the specific award of attorney fees she intends to challenge. We would be justified in deeming her argument forfeited for failure to provide citations to the appellate record. (*In re S.C.*, *supra*, 138 Cal.App.4th at pp. 406-407.) However, we deem her argument barred for a more fundamental reason: her argument is not cognizable at all in these consolidated appeals.

The record indicates that the trial court relied on Civil Code sections 1717 and 5975 *in the May 2016 underlying judgment* that Locke Management was entitled to receive attorney fees as prevailing party. Thus, Esch's arguments that the trial court erred in determining that Locke Management was entitled to attorney fees under Civil Code sections 1717 and 5975 could have been raised in the prior appeal from the May 2016 judgment. Consequently, she cannot now raise challenges that assert the trial court erred in applying Civil Code sections 1717 and 5975 in determining that attorney fee shifting applies to this matter and that Locke Management is the prevailing party. (*Lakin*, *supra*, 6 Cal.4th at p. 651.)

Even though the trial court amended the judgment to add postjudgment fees, this amendment does not reopen the trial court's earlier substantive determinations about entitlement to fees. When a judgment is amended " 'merely to add costs, attorney fees and interest, the original judgment is not substantially changed . . . .' " (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) A challenge to the attorney fees and costs awarded requires an appeal that is separate from an appeal that challenges the substance of the underlying judgment. (*Ibid.*) Here, the postjudgment orders of the trial court

11

determined only the scope of attorney fees to be awarded to Locke Management for enforcement of the judgment and for legal work done in connection with the appeal in *Locke I*. Esch's opportunity to challenge the prior determination that Locke Management was entitled to fees under the Civil Code expired with the dismissal of *Locke I*. Accordingly, we determine her arguments under Civil Code sections 1717 and 5975 are noncognizable.

## D.

### *Unclean Hands*

For similar reasons, we reject Esch's contentions that Locke Management is not entitled to attorney fees due to unclean hands in connection with asserted violations of the Brown Act and Locke Management's bylaws.

Esch raised the argument of unclean hands and violation of the bylaws in 2016 when she opposed Locke Management's motions for summary judgment. And, her argument regarding the Brown Act asserts a violation in Locke Management's "exercising of Right of First Refusal on March 8, 2011," before the action was filed. In granting Locke Management's motions for summary judgment, the trial court rejected her assertions of unclean hands and bylaws violations. The trial court also noted that Locke Management acted with a quorum and that the exercise of the right of first refusal was made in open session. Moreover, Esch "was in actual attendance at the [Locke Management] board meeting on March 8, 2011, and observed the board's exercise of its right of first refusal." These findings and legal conclusions of the trial court in granting summary judgment in 2016 could have been challenged in *Locke I*. Accordingly, Esch cannot raise them in these subsequent appeals.

12

## DISPOSITION

The amended judgment and postjudgment order awarding attorney fees to Locke Management are affirmed.  Locke Management shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


  /s/
HOCH, J.


We concur:


  /s/
HULL, Acting P. J.


  /s/
DUARTE, J.