Filed 1/27/15  Certified for Publication 2/23/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANA LEMAIRE, as Successor in Interest, etc.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COVENANT CARE CALIFORNIA, LLC,<br><br>    Defendant and Appellant. | 2d Civil No. B248672<br>(Super. Ct. No. 56-2010-00383376-CU-PO-VTA)<br>(Ventura County) |

Defendant Covenant Care California, LLC (Covenant) appeals a judgment after jury trial in favor of plaintiff Ana Lemaire, successor in interest to Laura Clausen. Lemaire was awarded $270,000 in statutory damages because Covenant violated regulations requiring it to maintain complete and accurate medical records at its nursing care facility.  (Health & Saf. Code, § 1430, subd. (b).)[1]  We conclude, among other things, that:  1) patients may sue nursing facilities under section 1430, subdivision (b) for violation of federal and state regulations requiring complete and accurate health care records, 2) statutory damages under section 1430, subdivision (b) may not exceed $500 per action, and 3) the award of attorney fees and costs must be redetermined on remand. We reverse in part and affirm in part.

---

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

FACTS

Laura Clausen suffered a stroke and was admitted to Covenant's skilled nursing facility in 2010. After she died, Lemaire, her daughter, filed an action against Covenant for wrongful death, elder abuse, and violation of "patients' rights" under section 1430, subdivision (b). Lemaire alleged: 1) Covenant was "chronically understaffed," 2) her mother did not receive "appropriate care because there was not enough staff," and 3) her mother died as "a result of . . . elder abuse, neglect and willful misconduct."

In the patients' rights cause of action, Lemaire alleged six violations of the California Code of Regulations. She said Covenant violated her mother's right "to have nurses' notes be clear and legible, dated and signed . . . including narratives [on] how a patient responds, eats, drinks, looks, feels, and reacts." (Cal. Code Regs., tit. 22, § 72547, subd. (a)(5).) She requested statutory damages of $500 per violation "*per day*."

At trial, Covenant claimed, "Nothing in [section 1430, subdivision (b)] implies that the fine is to be expanded to include each violation of resident rights or for every day it existed . . . ." It argued the jury should be instructed that a plaintiff "can maintain an action for a violation for up to $500." The trial court overruled Covenant's objections.

The jury found against Lemaire on her wrongful death cause of action. It rejected her claims that Covenant provided insufficient nursing staff and did not treat her mother with respect and dignity.

The jury found for Lemaire on the heath care records issues. It found Covenant did not provide 1) "complete and accurate health records" and 2) "meaningful and informative nurses' progress notes as often as the patient's condition warrants." It found 468 violations of the first category, 72 in the second. It awarded $500 statutory damages for each "violation." (§ 1430, subd. (b.) The trial court entered judgment against Covenant for $270,000 as statutory damages. (§ 1430, subd. (b).) It awarded Lemaire $841,842 in attorney fees and $26,327.45 in costs.

DISCUSSION

*The Scope of Section 1430, Subdivision (b)*

Covenant contends patients do not have a right to sue under section 1430, subdivision (b) for violation of regulations requiring Covenant to have "complete and accurate health records" and "meaningful and informative nurses' progress notes." It claims these "regulations do not involve resident rights encompassed within the scope of section 1430(b)." We disagree.

Section 1430, subdivision (b) provides, in relevant part, "A current or former resident or patient of a skilled nursing facility . . . may bring a civil action against the licensee of a facility who violates any rights of the resident or patient as set forth in the Patients' Bill of Rights in Section 72527 of Title 22 of the California Code of Regulations, *or any other right provided for by federal or state law or regulation*." (Italics added.)

Covenant has a restrictive view of the private right of action. But the statutory language about the scope of that right is broad. It includes violation of *any* "right provided for by federal or state law or regulation."

This is also a remedial statute. It must therefore be "liberally construed on behalf of the class of persons it is designed to protect." (*California Assn. of Health Facilities v. Department of Health Services* (1997) 16 Cal.4th 284, 295.) Those individuals are nursing care patients, "one of the most vulnerable segments of our population." (*Ibid.*)

The California Department of Public Health (CDPH) has authority to bring actions against nursing facilities that violate federal and state law and regulations. But the Legislature was aware that such enforcement could be "constrained by financial and demographic pressures in the coming years." (*Shuts v. Covenant Holdco LLC* (2012) 208 Cal.App.4th 609, 624.)

"[B]y enacting section 1430, subdivision (b), the Legislature specifically authorized skilled nursing facility residents *themselves* to bring actions to remedy violations of their rights rather than forcing them to depend upon the CDPH to take

3.

action." (*Shuts v. Covenant Holdco LLC, supra,* 208 Cal.App.4th at pp. 623-624.) In *Shuts*, the court concluded the private right of action was not limited to regulations that expressly include a resident's right to sue for the particular regulatory violation. Instead, it broadly extends to "a violation of '*any* other right provided for by federal or state law or regulation.'" (*Id.* at p. 624, italics added.)

The duty to maintain accurate and complete health care records (Cal.Code of Regs., tit. 22, § 72547, subd. (a)(5)) involves a patient's "right provided for by . . . state law . . . ." (§ 1430, subd. (b).) "[I]t is the public policy of this state to ensure that long-term health care facilities provide the highest level of care possible." (§ 1422, subd. (a).) To meet this goal, the Legislature "mandated standards to ensure quality health care." (*Kizer v. County of San Mateo* (1991) 53 Cal.3d 139, 148.) These include the statutory duty on nursing care facilities to maintain complete and accurate health care records. (§ 1427, subd. (a).) This duty is so important that where such records are not maintained, a court may presume that the "treatment, or care has not been provided." (*Ibid.*) Regulations were enacted to define the type of record keeping necessary to maintain compliance with this statute.

The regulations Covenant violated involve the duty to maintain nurses health care records regarding: 1) the "[c]are and treatment of the patient," 2) monitoring "changes in the patient's condition," and 3) "the patient's response to care and treatments." (Cal. Code Regs., tit. 22, § 72547, subd. (a)(5).)

Covenant contends: 1) these regulations involve only health record regulatory compliance, 2) they do not involve any "rights" of residents of nursing care facilities, and 3) a private right of action to enforce these regulations is not authorized because these regulations do not contain express language mentioning such litigation. We disagree.

The absence of express language in the regulations about a private right of action does not bar litigation to enforce regulatory compliance in this statutory scheme. (*Shuts v. Covenant Holdco LLC, supra*, 208 Cal.App.4th at pp. 623-624.) "'Statutes should be construed so as to be given a reasonable result consistent with the legislative

4.

purpose.'" (*Cossack v. City of Los Angeles* (1974) 11 Cal.3d 726, 732-733.) "[T]hat purpose should not be sacrificed to a literal interpretation." (*Silberman v. Swoap* (1975) 50 Cal.App.3d 568, 571.) Where the regulations directly involve the quality of patient health care, they involve patients' rights that patients may enforce through litigation. (*Shuts*, at pp. 623-624.)

Here the duties imposed by the regulations that Covenant violated directly affect the patient's right to proper diagnosis, treatment and care. Failure to maintain complete health care records may lead to serious health and treatment consequences. These regulations set standards for the conduct of the facilities. But they were enacted to protect the patients who are the intended beneficiaries of regulatory compliance. (*Kizer v. County of San Mateo, supra*, 53 Cal.3d at p. 148.) California regulations give the nursing care patient *the right* to participate "in the total plan of care." (Cal. Code Regs., tit. 22, § 72527, subd. (a)(3) (Patients' Bill of Rights). But such a right and plan of care cannot be implemented where the facility does not maintain proper medical records. Consequently, the regulations involved in this action implement the statutory duty to ensure "quality health care" by requiring adequate health care records for patients. (*Kizer*, at p. 148; §§ 1422, subd. (a); 1427, subd. (a).)

The "focus" of the private right of action is "to *encourage regulatory compliance* and prevent injury." (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC* (2013) 221 Cal.App.4th 102, 135, italics added.) Lemaire's action furthers these goals by enforcing regulations involving the rights of residents of nursing care facilities. Covenant has not shown trial court error on this issue.

*The Statutory Damage Award*

The judgment includes an award of statutory damages of $270,000. The trial court concluded that a $500 statutory damages provision applied to each regulatory violation.

Covenant contends section 1430, subdivision (b) does not permit an award of $500 damages for each violation. It claims the statute only allows a maximum $500 award for this action. We agree.

5.

Section 1430, subdivision (b) provides, in relevant part, "The suit shall be brought in a court of competent jurisdiction. The licensee shall be liable for the acts of the licensee's employees. The licensee *shall be liable for up to five hundred dollars ($500)*, and for costs and attorney fees, and may be enjoined from permitting the violation to continue." (Italics added.)

Division Four of this district held the Legislature did not authorize a statutory damage award of up to $500 per violation. (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC*, *supra*, 221 Cal.App.4th at p. 129.) It said, "[T]he statute *allows a single award of up to $500* per lawsuit." (*Ibid.*, italics added.)

Lemaire disagrees with *Nevarrez*. She claims the statutory language and legislative history show lawmakers intended this statutory damages provision to be applied to each violation. But the words of the statute do not support this result. The phrase "up to five hundred dollars" refers to "the suit" to "be brought." It is a liability cap for the action. Had the Legislature intended an award of statutory damages for each violation it would have used the phrase "up to $500 *per violation*." (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC*, *supra*, 221 Cal.App.4th at p. 132.) Such per violation language appears in other parts of this statute. "The absence of this phrase from subdivision (b) supports the inference that the phrase was intentionally left out . . . ." (*Ibid.*) Lemaire seeks to add it to the statute. But a court "'''is not authorized to insert qualifying provisions not included [in a statute] and may not rewrite the statute to conform to an assumed intention which does not appear from its language.''''" (*Cadlerock Joint Venture, L.P. v. Lobel* (2012) 206 Cal.App.4th 1531, 1549.)

Lemaire contends the legislative history supports her position. But this claim was rejected in *Nevarrez*. After examining the legislative history, the court concluded, "With the exception of the minority analysis for the Assembly Committee on the Judiciary, *no legislative history material on Senate Bill No. 1930* . . . (Senate Bill No. 1930), which added subdivision (b) to section 1430, *suggests that the $500 maximum was to be recovered per violation*." (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC*, *supra*, 221 Cal.App.4th at p. 133, italics added.)

6.

Lemaire contends precluding recovery of damages for each violation would undermine the goal of encouraging residents to exercise their private right of action under the statute. But *Nevarrez* said, "[T]he argument that the $500 statutory maximum must be applied on a 'per violation' basis in order to make private enforcement feasible does not withstand scrutiny." (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC*, *supra*, 221 Cal.App.4th at p. 135.) The statute has an attorney fee provision that "may generate substantial attorney fee awards irrespective of the amount the patient actually recovers . . . ." (*Ibid.*) It also authorizes injunctive relief to stop violations. The "focus" of the statute "is preventative." (*Ibid.*) It is not a substitute for the standard damage causes of action for injuries suffered by residents of nursing care facilities. Section 1430, subdivision (c) provides, "The remedies specified in this section *shall be in addition* to any other remedy provided by law." (Italics added.)

We also grant Covenant's request to take judicial notice. Covenant notes that, in 1999, Assembly Bill No. 1160 was introduced to increase the statutory maximum from $500 to $25,000. This proposed amendment did not pass.

"As a general rule, unpassed legislation provides '"very limited guidance"' when interpreting existing legislation." (*Joannou v. City of Rancho Palos Verdes* (2013) 219 Cal.App.4th 746, 761.) "However, in some circumstances it may be a reliable indicator of existing legislative intent." (*Ibid.*)

The proponents of Assembly Bill No. 1160 noted that "[e]xisting law" made the licensee "liable for up to $500." Assembly Bill No. 1160 provided, in relevant part, "This bill would authorize, instead, this civil action for violations of any rights of the resident or patient as set forth under state and federal law and *would increase the maximum liability* to $25,000." (Italics added.) This supports Covenant's position that lawmakers intended the $500 figure to be a maximum liability cap.

Consequently, where the statutory damage award exceeds the $500 limit, as here, the damage award must be reversed. (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC*, *supra*, 221 Cal.App.4th at p. 129.)

7.

*Attorney Fees and Costs*

Covenant contends that because the statutory damages award must be reversed, the award of attorney fees and costs to Lemaire must also be vacated and remanded. We agree.

The trial court must consider various factors, including the "success or failure" of the plaintiff's action in deciding the amount of attorney fees. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.) Where there is a reversal of the award of statutory damages, as here, "the trial court will need to redetermine the amount of attorney fees solely based on the result achieved under section 1430, subdivision (b)." (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC*, *supra*, 221 Cal.App.4th at p. 129.) The factor involving the reduced size of the statutory damages "will be relevant on remand." (*Ibid.*)

Covenant contends it should now be considered the prevailing party "and entitled to its costs in the full amount of $102,851.69." But these issues must initially be decided by the trial court on remand.

## Disposition

The award of statutory damages under section 1430, subdivision (b) exceeding the $500 limit is reversed and vacated. The attorney fee and cost awards are vacated and remanded for redetermination by the trial court. In all other respects, the judgment is affirmed. Costs on appeal are awarded in favor of Covenant.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

8.

Charles McGrath; Frederick H. Bysshe, Jr., Judges

Superior Court County of Ventura

_____

Beach Cowdrey Owen, LLP, Thomas E. Beach; Manatt, Phelps & Phillips, LLP, Barry S. Landsberg, Joanna S. McCallum for Defendant and Appellant.

Hooper, Lundy & Bookman, P.C., Mark E. Reagan, Felicia Y. Sze for Amicus Curiae California Association of Health Facilities on behalf of Defendant and Appellant.

Johnson-Moore, Gregory L. Johnson, Jody C. Moore; McKenna Long & Aldridge LLP, Aaron T. Winn, Christopher J. Healey for Plaintiff and Respondent.

Balisok & Associates, Inc., Russell S. Balisok for Amicus Curia California Advocates for Nursing Home Reform on behalf of Plaintiff and Respondent.

Filed 2/23/2015

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANA LEMAIRE, as Successor in Interest, etc., <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> COVENANT CARE CALIFORNIA, LLC, <br><br>    Defendant and Appellant. | 2d Civil No. B248672 <br> (Super. Ct. No. 56-2010-00383376-CU-PO-VTA) <br> (Ventura County) <br> ORDER CERTIFYING OPINION <br> FOR PUBLICATION <br> [NO CHANGE IN JUDGMENT] |

THE COURT:

   The opinion in the above-entitled matter filed on January 27, 2015, was not certified for publication in the Official Reports.  For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.