Filed 11/17/20  Jarman v. HCR Manorcare CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANICE JARMAN, as Successor in Interest, etc.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>HCR MANORCARE, INC., et al.,<br><br>    Defendants and Appellants. | G051086<br><br>(Super. Ct. No. RIC10007764)<br><br>O P I N I O N |

Appeals from a judgment of the Superior Court of Riverside County, Mac R. Fisher and Phrasel L. Shelton (retired judge of the Riverside Super.Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), Judges.  Remanded with directions.

Lanzone Morgan, Anthony C. Lanzone, Steffi A. Jose, Anna H. Cronk, Travis K. Siegel; Downey Brand and Jay-Allen Eisen for Plaintiff and Appellant.

Petrullo, John Patrick Petrullo, Isaiah Costas; Manatt, Phelps and Phillips, Barry S. Landsburg and Joanna S. McCallum for Defendants and Appellants.

*        *        *

John Jarman (and later his daughter, Janice Jarman, as successor in interest) (Jarman) sued HCR ManorCare, Inc. and Manor Care of Hemet, CA, LLC (ManorCare), the owners and operators of a nursing home, for violations of Health and Safety Code section 1430 (section 1430), elder abuse, and negligence.

The jury returned a special verdict finding ManorCare committed 382 violations of Jarman's rights based on the care he received, and that its conduct was negligent. The jury awarded Jarman $95,500 in statutory damage ($250 per violation pursuant to section 1430) plus $100,000 in damages for the negligence. The jury also made a finding that ManorCare had acted with malice, oppression or fraud. The trial court later granted ManorCare's motion to strike the punitive damage claim. The total judgment in favor of Jarman was for $195,500 plus $368,755 in attorney fees.

As relevant here, in his appeal to this court (*Jarman v. HCR ManorCare, Inc.* (2017) 9 Cal.App.5th 807, 816-817, rev'd. by *Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 380),[1] Jarman argued the order striking punitive damages should be reversed. ManorCare also appealed, arguing that allowing the jury to award separate statutory damages for each violation of section 1430 was improper. We agreed with Jarman and disagreed with ManorCare. ManorCare sought review in the California Supreme Court, which was granted.

On August 17, 2020, the Supreme Court issued an opinion reversing this court's judgment and remanded the matter to this court for further proceedings consistent with its opinion. (*Jarman v. HCR ManorCare, Inc.*, *supra*, 10 Cal.5th 375.) In its opinion, the Court addressed the section 1430 issue and determined the statutory cap of $500 applies per action, not per violation. (*Ibid.*) The Supreme Court did not reach the issue of punitive damages. (*Id.* at p. 393, fn. 8.)

---

[1] In the interests of simplicity and readability, for the remainder of this opinion, we cite to our original opinion without noting the Supreme Court's reversal.

The Supreme Court's remittitur to this court was issued on September 21, 2020. Pursuant to California Rules of Court, rule 8.200(b)(2), either party was permitted to submit a supplemental brief "limited to matters arising after the previous Court of Appeal decision." We have received and reviewed the briefs from both parties.

ManorCare argues in its brief (as it did in a motion to stay issuance of the remittitur) that this court should decide the issue of whether punitive damages are available under section 1430. The Supreme Court, as noted above, expressly declined to reach the issue of punitive damages. The Court stated, "We do not reach the question [of] whether Jarman is entitled to punitive damages." (*Jarman v. HCR ManorCare, Inc.*, *supra*, 10 Cal.5th at p. 393, fn. 8.) Its decision is therefore only relevant to the *amount* of punitive damages that may be awarded, not the *availability* of punitive damages.

ManorCare states we should decide this issue and claims that the original appeal did not encompass it. We disagree. The issue of punitive damages was extensively briefed in the original appeal; indeed, it was the central focus of ManorCare's responsive brief.

In our original opinion, we stated ManorCare's argument that the special verdict did not include findings on any cause of action that would support punitive damages "assumes punitive damages are not available on a cause of action alleging violations of section 1430, subdivision (b), because '[w]here a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate.' [Citation.] However, we disagree for two reasons." (*Jarman v. HCR ManorCare, Inc.*, *supra*, 9 Cal.App.5th at pp. 816-817.)

The next four paragraphs of our opinion explain that reasoning. (*Jarman v. HCR ManorCare, Inc.*, *supra*, 9 Cal.App.5th at pp. 817-818.) Accordingly, we reject ManorCare's argument that this issue has not previously been considered. It has. Our

3

opinion's disposition stated: "[T]he case is remanded to the trial court with directions to conduct further proceedings to establish the amount of punitive damages Jarman is entitled to recover as a result of ManorCare's 382 violations of his rights." (*Id.* at p. 832.) This was not altered by the Supreme Court's decision, we see no reason to revisit it. Therefore, we deny ManorCare's motion.[2] The trial court may consider any issue relevant to the proper amount of punitive damages on remand.

ManorCare also requests we vacate the original attorney fee award and direct the trial court to reconsider it. As noted, the trial court awarded Jarman fees and costs totaling $368,755. (*Jarman v. HCR ManorCare, Inc.*, *supra*, 9 Cal.App.5th at p. 810.) ManorCare argues that given the Supreme Court's decision, which reduces the amount of damages, it is appropriate for the trial court to reconsider the attorney fee award, citing *Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC* (2013) 221 Cal.App.4th 102, and *Lemaire v. Covenant Care California, LLC* (2015) 234 Cal.App.4th 860.

We agree with ManorCare that it is reasonable for the trial court to take a second look at attorney fees and costs in light of the entirety of the circumstances, and we reject Jarman's argument to the contrary. We do not suggest, however, that a reduction or an increase in the attorney fee award is required. We direct only that the trial court exercise its discretion and reconsider the issue.

---

[2] ManorCare requests judicial notice of various legislative history and administrative materials relating to this issue. Jarman requests judicial notice of several briefs the parties filed in the Supreme Court. None of these documents are relevant to this opinion. Because matters to be judicially noticed must be relevant to a material issue (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422-423, fn. 2), the requests are denied.

4

Accordingly, ManorCare's motion for this court to decide (or reconsider) the availability of punitive damages under section 1430 is denied. The motion to vacate the original attorney fee and costs award is granted.

On remand, the trial court is directed to consider the appropriate amount of punitive damages in accordance with our original opinion. (*Jarman v. HCR ManorCare, Inc.*, *supra*, 9 Cal.App.5th 807.) The trial court shall also reconsider the amount of attorney fees and costs.

Because neither the Supreme Court's decision nor our decision finally resolves the case, we do not award costs now. On remand, the trial court has discretion to award the costs of this appellate proceeding.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

5